## CEEPO v REMLEY

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10211.   Decided November 11, 1929

Messrs. Paul Stowe and Gott, Bloomfield & Orr, Cleveland, for Ceepo.

Mr. Frank W. Warady, Cleveland, for Remley.

**38**

SULLIVAN, J.

There is only one conclusion to come to, although it is not specifically stated in the record, that the hearing on April 27, 1929 was on the motion non obstante veredicto. This is the state of the record as it comes to this court and there being no bill of exceptions containing the evidence the only question to consider is whether the court committed error in not granting the motion for judgment notwithstanding the verdict, on the ground that in a search of the record, the statement of claim did not contain facts sufficient to constitute a cause of action and this brings us to the further question as to whether in the absence in the proceedings below, of the filing of a motion to arrest judgment, demurrer to the pleading or to the evidence, by way of an objection to its introduction, the motion now under consideration is well taken as to whether there is a cause of action.

The grounds for the motion under discussion are based on **11601 GC.**

In examining the question, one of our conclusions is that by reason of the well established holdings that even though the allegations of the petition are insufficient, an amendment can be made during trial, or even after trial. but inasmuch as there is no bill of exceptions in the case there is the presumption that the judgment is lawful even though the cause of action may be legally deficient. At least, the court is not warranted or justified, in the absence of the bill of exceptions, in reaching the conclusion that the judgment was unwarranted when there is nothing by way of record before us to show that there was no proof to supply any deficiency in the cause of action and which would form a basis and legal structure for the judgment. The former conclusion is more tenable because the general principle of law is that the judgment of the court has a basis in law and that the proceedings, in the absence of a record which is contrary thereto. conforms in all respects to the law.

Again it will be observed that in the proceedings below no motion was made to arrest judgment and under **11601 GC.** such a motion would be applicable in a case like the one at bar. as in a criminal case. Again, there was no demurrer filed below setting forth that the allegations of the petition did not constitute a cause of action, and indeed there was no action of any kind taken excepting a motion for new trial, that would raise the question which is now before the court.

It was decided in **Buckingham vs McCracken, OS. 287,** that a judgment non obstante verdicto can only be given for the plaintiff. We are aware that it says in **Trimble vs Doty, 16 OS. 118,** that a judgment can be rendered for the defendant notwithstanding the verdict against him, if the petition does not state a cause of action, but in that case it lays down as a proper remedy error proceedings, demurrer or motion in arrest of judgment, and this case is impregnated with authority because there seems to be no case in Ohio holding that the procedure attempted in the case at bar is a substitute for the remedies mentioned in the 2nd syllabi in Trimble supra.

It is true we are confined to the pleading in the discussion of the case at issue, according to **McCoy vs Jones, 61 OS. 119** but we must bear in mind that the adoption of the Code is authority for the view that an amendment will lie before or after judgment in case of the deficiency of a pleading, in order to make the pleading conform to the proof and the proof to the pleading.

If our present views are incorrect, under the authorities cited, then it would follow that in every case where there is an insufficiency of allegations in a petition that the judgment is in a perilous condition because at any time within the limitations of legal procedure, a motion non obstante veredicto can be made that would destroy the security of the judgment obtained by ordinary procedure.

Thus holding, the judgment of the Municipal Court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.